Allison Schmidt, Esq.
Nevada Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave, #115,
Las Vegas, NV  89148
Tel: (949) 427-2010 Ext. 1009
Fax: (949) 427-2732
aschmidt@ghidottiberger.com

Attorneys for Secured Creditor
U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| In re:<br><br>JOHNNY TARVER, | CASE NO.: 19-12115-abl<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF DEBTORS' PLAN<br><br>Hearing Date: August 29, 2019<br><br>Hearing Time: 1:30 p.m. |

**OBJECTION TO CHAPTER 13 PLAN**

TO THE HONORABLE JUDGE AUGUST B. LANDIS, UNITED STATES

BANKRUPTCY JUDGE, THE DEBTOR, AND THE CHAPTER 13 TRUSTEE, KATHLEEN

A. LEAVITT:

U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust, ("**Creditor**"), a secured

creditor of the above-named Debtor hereby objects to the confirmation of Debtor's Chapter 13

Plan (the "**Plan**").

Creditor is entitled to receive payments pursuant to a Promissory Note which matures on August 1, 2035 and is secured by a Deed of Trust on the subject property commonly known as 1255 Kenwood Road, Santa Barbara, CA 93109 ("Property").

As of April 5, 2019, the total secured claim was $266,488.00 with pre-petition arrearages in the amount of $67,278.75, as described in Proof of Claim number 4-1 filed on June 14, 2019. Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Furthermore, under 11 U.S.C. §1322(b)(2), a Plan shall not modify the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence, which is the case with Secured Creditor's lien on the Property.

### A. THE PLAN FAILS TO PROVIDE FOR A CURE OF PRE-PETITION ARREARAGES

11 U.S.C. 1325(a)(5)(B)(iii)(I) requires that periodic payments distributed to a secured creditor within a plan be in equal monthly amounts. Here, according to Secured Creditor's proof of claim, Debtor is pre-petition delinquent in the amount of $67,278.75 in missed payments alone, which does not include pre-petition fees, advances and other costs that will be detailed in a timely filed proof of claim. However, Debtor's proposed plan only provides for a cure of arrearages of $62,257.10 with monthly payments of over the 36 month term of the plan. Unfortunately, such payments do not adequately provide for the cure of the actual arrearages owed to Secured Creditor. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the

arrearages owed to Secured Creditor. In order to cure pre-petition arrearages within the three (3) year plan term, the Debtor would need to make a minimum monthly cure payment of $1,868.85.

### B.  THE PLAN IS NOT FEASIBLE

Pursuant to Schedules I and J, Debtor has net income of $1,688.46. However, the plan only provides for a monthly plan payment of $500.00 over a 36 month term. Based upon the actual arrearages owed to Secured Creditor, Debtor's plan is infeasible.

### C.  THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Lastly, Debtor's plan appears to provide for an additional payment of $100,000 in December of 2019 to be funded by the sale of Debtor's California home.  Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law.  First, it is not allowed as equal monthly payments are required to be made towards the secured claim value.  Second, it is too speculative to just state in a plan that the Debtor will try to sell real property in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtor will be able to sell the subject property. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.

It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale or refinancing of Debtor's property at some point over the term of the plan is unconfirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property or what the property could actually produce through a sale or refinance. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982). The provision puts the feasibility of the entire Plan in question since it is contingent upon a speculative event. Therefore, the Plan is not feasible.

## **CONCLUSION**

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, and
2. For such other relief as this Court deems proper.

DATED: July 22, 2019              GHIDOTTI BERGER, LLP

By: /s/ Allison Schmidt, Esq.
    Allison Schmidt, Esq.
    Attorney for Creditor

4

Allison Schmidt, Esq.
Nevada Bar # 10743
GHIDOTTI BERGER, LLP
8716 Spanish Ridge Ave, #115,
Las Vegas, NV  89148
Tel: (949) 427-2010 Ext. 1009
Fax: (949) 427-2732
aschmidt@ghidottiberger.com

Attorney for Secured Creditor
U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust, its successors and assigns

UNITED STATES BANKRUPTCY COURT

DISTRICICT OF NEVADA – LAS VEGAS DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  19-12115-abl |
| JOHNNY TARVER, | CHAPTER 13 |
| Debtor. | **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1  On July 22, 2019 I served the following documents described as:

- **OBJECTION TO CONFIRMATION OF DEBTORS' PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Debtor's Counsel** |
|---|---|
| JOHNNY TARVER | CHRISTOPHER PATRICK BURKE |
| 1920 ASBURN DR. | 218 S MARYLAND PKY. |
| North Las Vegas, NV 89032 | LAS VEGAS, NV 89101 |
| | |
| | **Trustee** |
| | KATHLEEN A. LEAVITT |
| | 201 LAS VEGAS BLVD., SO. #200 |
| | LAS VEGAS, NV 89101 |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on July 22, 2019 at Santa Ana, California

*/s/ Enrique Alarcon*
Enrique Alarcon

2
CERTIFICATE OF SERVICE